Plaintiff in her own behalf and for the use and benefit of her minor child instituted this suit for damages caused to them by the accidental death of her husband, the father of her minor child. The record is unnecessarily voluminous, being filled with irrelevant testimony and too much repetition. The court has consumed much time in condensing the record in order that the true, relevant facts might be arrived at.
The accident causing the death of decedent occurred on Texas Avenue in the City of Shreveport, Louisiana, at about seven-thirty on the morning of March 14, 1942 and, for the purpose of this decision, Texas Avenue will be considered as running north and south. At the south end of Texas Avenue it forks, one prong forming the highway to Greenwood and the other to Mansfield, Louisiana. Approximately 300 feet north of this junction there is located on the west side of said Avenue the Magnolia Filling Station; the accident causing the death of plaintiff's husband happening directly in front of this filling station on the extreme west side of the street.
V.E. Smith, an employee of the Modern Iron Works, Incorporated, acting within the scope and course of his employment, drove a truck loaded with a welding machine weighing 3,000 pounds into the Magnolia Filling Station for the purpose of putting gas into the welding machine. The truck came from the north and was headed south. It was Smith's intention, after receiving the gasoline, to turn left across Texas Avenue and go back north from whence he came on the east side of the street and, in order to carry out this maneuver, it was necessary for the truck to make a "U" turn. There was no intersection at this point in the street, the nearest intersection being at the junction of Texas Avenue with the Greenwood-Mansfield Highway. A City ordinance of the City of Shreveport forbade the making of the U turn, except at an intersection. In driving out of the filling station, Smith turned his truck to the left heading across Texas Avenue and started the movement of the truck. When he reached the street, traveling at a rate of speed not exceeding two to three miles per hour, he looked both to his left and right and at that time saw decedent on his bicycle traveling south on the extreme west side of the street and Willie First, driving a car owned by his employer, E.A. Holley, acting within the scope and course of his employment, just entering Texas Avenue from the Greenwood Road and traveling north. Smith continued to drive his truck across Texas Avenue and to complete his turn on the east side of the street so far as the front wheels of his truck were concerned. The rear of the truck was at the time about the center of the street and the front wheels close to the east side of the street, completely blocking that side, which was the right side for Willie First to travel. When the truck was in that position, the car driven by Willie First had approached to within twenty to thirty feet of the truck and was traveling at approximately 25 miles per hour. Willie First made no attempt to slacken his speed, but cut the car sharply to the left. He missed the truck and drove to the extreme west side of the street before being able to straighten his car out.
Texas Avenue is thirty-seven feet wide at this point and just as the car driven by Willie First cleared the back end of the truck and reached the extreme west side of the street, it collided head-on with decedent and his bicycle. The force of the impact hurled decedent into the air and broke the bicycle into two parts. Willie First drove his car up the street approximately 100 feet, parked it and came back to the scene of the accident. The bicyclist was dead before he could be taken to the sanitarium.
Plaintiff impleaded as defendants, V.E. Smith, the truck driver, and his employer, the Modern Iron Works, Incorporated, and its liability insurer, Traders General Insurance Company of Dallas, Texas; and Willie First and his employer, E.A. Holley.
All defendants admit there was no negligence on the part of decedent and that plaintiff is entitled to recover; however, Willie First and his employer contend they were free from negligence and the proximate cause of the accident was the negligence of V.E. Smith, the driver of the truck, and Smith, his employer and insurer contend that Smith was free from negligence and the proximate cause of the accident was the negligence of Willie First.
The lower court rendered judgment for plaintiff in the sum of $5,000 in favor of Mrs. Joann Killian, wife of the decedent, against V.E. Smith, Modern Iron Works, Incorporated, and Traders General *Page 534 
Insurance Company of Dallas, Texas, in solido, and in the further sum of $287.25 for burial expenses and one-half the value of the bicycle against V.E. Smith and the Modern Iron Works, Incorporated, in solido, and for the use and benefit of the minor, Richard Harvey Killian, $5,000 against V.E. Smith, Modern Iron Works, Incorporated, and Traders General Insurance Company of Dallas, Texas, in solido; and in the further sum of $21.25, one-half the value of the bicycle, against V.E. Smith and the Modern Iron Works, Incorporated, in solido. It rejected all demands against Willie First and his employer, E.A. Holley.
Plaintiff in this court, through proper procedure, is asking for an increase in the amount of the award and that all defendants be held liable. V.E. Smith, his employer and their insurer are asking that the judgment against them be reversed; and Willie First and his employer are asking that the judgment rejecting plaintiff's demands against them be affirmed.
In this court, Joe H. Crosby, the liquidator of the Modern Iron Works, Incorporated, has been admitted as a party in these proceedings in his official capacity as liquidator.
Smith testified that when he started to drive out into the street, he never stopped again until after the accident; that when he first saw Willie First coming north in his car he thought he had sufficient time to clear the street before Willie First would arrive; and that when he entered the street, he was traveling at a speed of from two to three miles per hour and never exceeded a speed of from five to six miles per hour in negotiating his turn. The truck driven by Smith was not an extra large one and there was no necessity for the snail's pace speed at which he was traveling at the time. In making the turn, the truck's direction necessarily made an arc and in making this arc it traversed a distance of approximately fifty feet in arriving at the place where the accident occurred, and the rear end of the truck was still in the center of the street. The average speed of the truck, according to Smith's testimony, from the time he started out of the filling station until the time of the accident was not in excess of four miles per hour.
It is clearly established that the car driven by Willie First was traveling approximately 25 miles per hour from the time it entered Texas Avenue until it struck decedent. It was therefore traveling six times as fast as the truck driven by Smith. It follows then that when Smith attempted to negotiate this turn, his truck at the slow rate of speed it was traveling was necessarily sure to block the right-of-way of any car traveling north on its right side of the road at a rate of speed of 25 miles per hour, which was not more than 300 feet south of him at the time he started. This is a fact Smith is presumed to have known and when he, in violation of a City ordinance, attempted a U turn at an average rate of speed of four miles per hour when a car was approaching from the south a distance of only 300 feet away, he failed to act as a reasonable, prudent driver should have acted and was guilty of gross negligence which was a proximate cause of the accident and death of decedent.
Counsel for Smith and his employer have cited us many decisions of this court in support of their theory that Smith was not negligent in entering the street as he did and, without reviewing these cases here, it is enough to say they have no application to the facts of this case.
Before Smith attempted his dangerous U turn, he should have made sure that it could be made in safety to himself and others traveling on that street if such a turn could have been justified at that place on that busy street under any circumstances.
Willie First testified that when he turned into Texas Avenue from the Greenwood Road, he saw the Smith truck start out into the street; that he blew his horn and the truck stopped. It started again, he blew his horn and it stopped again and that he started across once more and blew his horn, but it was too late and he was forced to cut sharply to the left to avoid running into the truck. His defense is based upon the theory that a sudden emergency was caused by the truck entering the street and blocking his path. This defense is not sound under the facts of the case. The time intervening between the truck's entry into the street and the time of the accident destroys such a defense. The emergency was created by the failure of Willie First to reduce the speed of his car and bring it under control so that he could stop it when he found his path blocked. He was traveling only 25 miles per hour and was approximately 300 feet from the truck when he saw it entering the street. He *Page 535 
testified that he never applied his brakes or reduced his speed until after he had struck decedent. His testimony that he sounded his horn three times is not borne out by the young white man riding with him. His testimony is that he never saw the truck until within 30 feet of it and that was when Willie First blew his horn and cut sharply to his left.
The preponderance of the testimony is that the truck never stopped after it entered the street until after the accident and, as we have heretofore set out, from the time the truck entered the street until the accident it had traversed a distance of approximately 50 feet and Willie First's car a distance of approximately 300 feet. Willie First gave as his reason for not reducing his speed and bringing his car under control was that he knew he had the right-of-way and thought the truck was going to stop. He was not justified in such a position and his actions were not those of a reasonable, prudent and careful driver of an automobile. He owed a duty to others who might be using this busy street not to run them down and was not justified in law in taking a chance on the truck stopping to let him pass. Furthermore, if the truck had stopped to allow Willie First by, it would have blocked the other side of the street and the path of decedent, and possibly others traveling south. The failure of Willie First, under the conditions prevailing at that time, to reduce his speed and bring the car under control so as to be able to stop it instantly if necessary to prevent an accident, was negligence and a proximate cause of the accident and the death of decedent.
We are convinced that the joint negligence of Smith and First was the proximate cause of the accident and if either one had acted with care and caution and as any reasonable, prudent person should have acted under the prevailing circumstances, the accident would never have occurred.
The doctrine of last clear chance has been urged but it has no application as a defense against plaintiff's claim, no matter what application it might have in a suit between joint tort-feasors.
Plaintiff seriously urges that the award is insufficient and shows the value of the dollar, due to the high cost of living, is approximately 25 per cent less than a few years ago. This is a fact the court may and should take into consideration in arriving at its award for damages. It should also take into consideration the defendants' ability to pay. This entire matter was gone into on the trial of the case. Other than the $10,000 Liability Insurance Policy carried by the Modern Iron Works, Incorporated, the ability of defendants to pay a large judgment is shown to be wanting, however, they can pay a reasonable one. Plaintiff sued for $5,000 each, for herself and child, for loss of love, affection and companionship, and for $10,000 each for loss of support.
Decedent was thirty-four years of age and earned $40 per week. Plaintiff also prayed for judgment for the value of the bicycle destroyed in the accident in the sum of $42.50, to be divided equally between her and her child; and for $266 burial expenses. The lower court allowed $5,000 for each of them for loss of love, affection and companionship and loss of support, also allowed burial expenses as prayed for and the value of the bicycle. The amount of the award for loss of love, affection, companionship and loss of support is inadequate and should be increased by $1,500 for each the wife and child; in all other respects the award is correct.
It therefore follows that the judgment of the lower court rejecting the demands of plaintiff against Willie First and E.A. Holley is reversed and there is now judgment against V.E. Smith, Joe H. Crosby, liquidator of Modern Iron Works, Incorporated, Traders General Insurance Company of Dallas, Texas, Willie First and E.A. Holley, in solido, in favor of Mrs. Joann Killian, in the sum of $5,000; and in favor of Mrs. Joann Killian for the use and benefit of Richard Harvey Killian in the sum of $5,000, with legal interest thereon from judicial demand until paid; and further judgment against V.E. Smith, Joe H. Crosby, liquidator of the Modern Iron Works, Incorporated, Willie First and E.A. Holley, in solido, in favor of Mrs. Joann Killian in the sum of $1,787.25; and in favor of Mrs. Joann Killian for the use and benefit of Richard Harvey Killian in the sum of $1,521.25, with legal interest thereon from judicial demand until paid; and for all costs. *Page 536