HARDY, Judge.
This action was instituted by Joe H. Crosby, who prayed for the revival of a judgment to the extent of the principal sum of $3,561.53 against V. E. Smith, E. A. Holley and Willie First, in solido. As the basis of his right to procure such revival of the judgment petitioner alleged that he was cast solidarily with the above named respondents; that he paid the principal sum above noted to the judgment creditor and that, as a consequence, he was legally sub-rogated to the rights of the judgment creditor as against his co-solidary judgment debtors and entitled to a revival and reinstatement of the judgment in order to preserve his rights against the said named respondents.
To petitioner’s action an exception of no right and no cause of action was interposed on behalf of the respondents, V. E. Smith and E; A. Holley, which exception was referred to the merits.
Pending trial on the merits petitioner’s claim against E. A. Holley was settled by compromise. The respondent, Holley, thereby became discharged from petitioner’s-action and the claim of petitioner as against the remaining respondents, V. E. Smith and Willie First, was reduced by one-half of the principal amount claimed.
The respondent, Willie First, a nonresident of the. State, was served through a curator ad hoc, but no pleadings of any nature were filed on his behalf, and, as a consequence, the trial with respect to petitioner’s right to a revival of the judgment as against Willie First was considered in the nature of proving up of a default judgment. Although the trial exclusively involved the contested issues between Crosby and Smith, it is noted that the judgment rejected petitioner’s demands as to both Smith and Willie First.
From the judgment petitioner has perfected this appeal.
For the sake of clarity in defining the issues under consideration in this action, it is necessary to recapitulate some of the facts in connection with the suit of Killian v. Modern Iron Works, La.App., 15 So, 2d 532.
On March 14, 1942, the husband of Mrs. Joan Killian, while riding a bicycle in the City of Shreveport, was killed in an accident in which a truck owned by Modern Iron Works, Inc., driven by V. E. Smith, and an automobile owned by E. A. Holley, driven by his employee, Willie First, were involved. Mrs. Killian, individually and for the use and benefit of her minor child, instituted suit for damages, impleading as defendants the Modern Iron Works, its insurer, Traders & General Insurance Company of Dallas, Texas, V. E. Smith, Willie First and E. A. Holley. After trial there was judgment rendered by the trial court on March 24, 1943, in favor of plaintiff, Mrs. Killian, and against Modern Iron Works, Inc., its insurer, and V. E. Smith, which judgment rejected plaintiff’s demands against Willie *379 First and E. A. Holley. The judgment cast the defendants, Modern Iron Works, its insurer, and V. E. Smith, for the principal sum of $10.,000, and additionally cast the defendants, V. E. Smith and Modern Iron Works, Inc., in solido, for the sum of $287.25, which variation was necessitated by reason of the fact that the liability of Traders & General Insurance Company, as insurer of Modern Iron Works, Inc., was limited to $10,000. From this judgment the defendants, Modern Iron Works, Inc., its insurer, and V. E. Smith, appealed, sus-pensively and devolutively. Plaintiff appealed from the judgment insofar as it rejected her demands against E. A. Holley and Willie First and answered the appeal of the other defendants, praying for an increase in the amount awarded. After hearing of the appeals, judgment was rendered on July 19, 1943, by the Court of Appeal, Second Circuit, 15 So.2d 532, which judgment reversed the judgment of the lower court, insofar as it rejected the demands of plaintiff against E. A. Holley and Willie First, and rendered judgment against all named defendants, in solido, in the total sum of $10,000, and further judgment against V. E. Smith, Joe H. Crosby, Liquidator of the Modern Iron Works, Inc., Willie First and E. A. Holley, in solido, for additional amounts in favor of Mrs. Killian, individually, in the sum of $1,787.25, and for the use and benefit of her minor son in the sum of $1,521.25, with interest and ■costs. Rehearing was denied by this court on October 4, 1943, and certiorari was refused by the Honorable the Supreme Court •of the State of Louisiana on November 9, 1943.
On November 19, 1943, Traders & General Insurance Company paid to Mrs. Killian and her attorneys the sum of $11,043.55, representing full satisfaction of the judgment rendered against the named insurer. Receipt and full satisfaction of the judgment against Traders & General Insurance Company was evidenced by a formal document which we reprint in full as follows:
“No. 84,812
“Mrs. Joann Killian, First Judicial Individually and as District Court Tutrix of Louisiana v. In and for Caddo Modern Iron Works, Parish Inc., et al.
“Know all men by these presents,
“That we Mrs. Joann Killian individually and as Tutrix of the minor Richard Harvey Killian, and Albert P. Garland and Leslie Y. Barnette, attorneys for Mrs. Joann Killian in this matter, do hereby acknowledge receipt from Traders and General Insurance Company of the sum of Eleven Thous- and Forty-three and s%oo ($11,043.-55) Dollars, represented by check No. 226520 drawn on First National Bank in Dallas, Texas, in full satisfaction of the judgment rendered against Traders and General Insurance Company in this matter together with interest to this date and all costs.
“The Honorable V. G. Simmons, Clerk of First Judicial District Court in and for Caddo Parish, is hereby authorized and instructed to enter a satisfaction of this judgment on his records insofar as relates to Traders and General Insurance Company.
“This done and signed in triplicate originals on this 19th day of November, 1943.
“Mrs. Joann Killian “Mrs. Joann Killian, Individually and as Tutrix of the Minor Richard Harvey Killian
“Albert P. Garland “Albert P. Garland, Attorney'
“L. Y. Barnette
“Leslie Y. Barnette, Attorney.”
On the same date, November 19, 1943, Joe H. Crosby, Liquidator of Modern Iron Works, Inc., paid the plaintiff, Mrs. Killian, *380 and her attorneys the sum of $3,561.53, representing the balance due the said plaintiff under the judgment with interest and costs. Mrs. Killian and her attorneys executed, in triplicate, a receipt, satisfaction and release which read as follows:
“No. 84.812
“Mrs. Joann Killian, Individually and as Tutrix
v.
Modern Iron Works, Inc., et al.
First Judicial District Court of Louisiana in and for Caddo Parish
“Know all men by these Presents:
“That we, Mrs. Joann Killian, individually and as Tutrix of the Minor Richard Harvey Killian, and Albert P. Garland and Leslie Y. Barnette, attorneys for Mrs. Joann Killian in this matter, do hereby acknowledge receipt from Modern Iron Works, Inc. the sum of Three Thousand Five Hundred Sixty-one & 5%oo ($3,561.53) Dollars represented by check for said amount on this date, payable to L. Y. Barnette, Attorney, and receipt from the Traders and General Insurance Company of Eleven Thousand Forty-three and 5%oo ($11,043.55) Dollars, represented by check for said amount dated November 18, 1943, payable to Mrs. Joann Killian and Albert P. Garland and Leslie Y. Barnette, her attorneys, in full satisfaction of the judgment rendered against V. E. Smith and Joe H. Crosby, Liquidator of Modern Iron Works, Inc. in this matter, together with all interest and court costs.
“The Honorable V. G. Simmons, Clerk of the First Judicial District Court in and for Caddo Parish, is hereby authorized and instructed to enter a satisfaction of this judgment on his records insofar as relates to V. E. Smith, Joe H. Crosby, Liquidator of Modem Iron Works, Inc., and Modern Iron Works, Inc.
“Thus done and signed in triplicate originals on this 19th day of November, 1943.
“Mrs. Joann Killian “Mrs. Joann Killian, Individually and as Tutrix of the Minor Richard Harvey Killian
“Albert P. Garland “Albert P. Garland, Attorney
“L. Y. Barnette
“Leslie Y. Barnette, Attorney.”
The present action was instituted by Crosby in his individual capacity on March 13, 1953, seeking, as above noted, the revival of the judgment to the extent of $3,561.53 as against V. E. Smith, E. A. Holley and Willie First.
As we have above observed, by virtue of a compromise settlement, E. A. Holley is no longer an interested party. The contention upon which the respondent, V. E. Smith, predicated bis exception of no right and no cause of action was that the receipt executed by Mrs. Killian and her attorneys, above noted in full, served as a complete satisfaction of the judgment and as a full and complete discharge and release of V. E. Smith, Joe FI. Crosby, Liquidator of Modern Iron Works, Inc., and Modern Iron Works, Inc. It should be noted that, while the original suit in which Mrs. Killian was plaintiff was pending, action was taken by the stockholders of Modern Iron Works, Inc. approving the liquidation of the affairs of the corporation and designating Joe H. Crosby as Liquidator, in which capacity he was made a party to the suit. On May 21, 1943, while the suit was pending on appeal, Joe H. Crosby, individually, became the owner of all the assets of the Modern Iron Works, Inc., by sale and transfer thereof from Joe H. Crosby, as Liquidator, to Joe H. Crosby, the individual. At the time of the transfer of the corporate assets, consisting of certain described *381 real estate, movable property and equipment, and
“ * * * the entire assets formerly belonging to the corporation, The Modern Iron Works, Inc., including the name, good will and all other assets whatsoever,”
it is to be noted that no right of contribution existed in favor of the Modern Iron Works or Crosby, as Liquidator, or individually, against the solidary tort-feasors because no final judgment had been pronounced.
The respondent, Smith, defends against this action of Crosby to revive the judgment on three principal grounds; first, that the release granted by Mrs. Killian extinguished the judgment against V. E. Smith, which issue was tendered by the exception filed on behalf of Smith; second, that Crosby had guaranteed Smith against any liability under the judgment; and, third, that Crosby, individually, had never acquired nor succeeded to the chose in action which subsequently inured to the Modern Iron Works.
Crosby attached to and filed with his petition in this action the receipt executed by Mrs. Killian, evidencing the full satisfaction of the judgment liability as to Modern Iron Works, Crosby, as Liquidator, and V. E. Smith. However, the district judge, actuated by a commendable feeling of precaution, referred the exception to the merits with the hope of obtaining a full disclosure, through evidence adduced, as to the purpose and effect of the written release and satisfaction of the judgment. On the basis of his analysis of the testimony the district judge resolved all of the grounds of defense, above set forth, in favor of respondent, Smith.
Our consideration of the voluminous record compiled on trial of this matter has served to convince us that the issue tendered by the exception filed on behalf of the respondent, Smith, conclusively determines the rights of the parties to this action.
With respect to the matters here involved, the exception is properly one of no right of action and therefore is restricted to the existence, vel non, of the right of the petitioner, Crosby, to revive, the judgment in question. If the judgment has been satisfied, and if the parties named therein have been discharged from liability without reservation of the rights of one against the others, it follows that no right to a revival of such judgment exists. We think this is the case.
The receipt executed by Mrs. Killian, who was the judgment creditor of Modern Iron Works, Joe H. Crosby, Liquidator, V. E. Smith, E. A. Holley and Willie First, evidences receipt of the amount se.t forth
“* * * in full satisfaction of the judgment rendered against V. B. Smith and Joe H. Crosby, Liquidator of Modern Iron Works, Inc., in this matter, together with all interest and court costs.” (Emphasis supplied.)
The above quoted recital is made more explicit and certain by the following definite authorization and instruction:
“The Honorable V. G. Simmons, Clerk of the First Judicial District Court in and for Caddo Parish, Louisiana, is hereby authorized and instructed to enter a satisfaction of this judgment on his records insofar as relates to V. E. Smith, Joe H. Crosby, Liquidator of Modern Iron Works, Inc., and Modern Iron Works, Inc.” (Emphasis supplied.)
We are at a complete loss to understand how and upon what ground the recitals of the release and satisfaction above set forth can be considered as anything other than a joint discharge, of the judgment as against the parties named. Nor does a study of the evidence adduced on trial detract from the effect of the instrument as a full, effective and complete satisfaction and discharge of the parties named. The check which was given and accepted in payment of the judgment was introduced *382 in evidence. It was dated November 19, 1943, made payable to L. Y. Barnette, attorney who represented Mrs. Killian, in the sum of $3,561.53, was signed
“The Modern Iron Works, Inc.
“By (Joe IT. Crosby)”
and bears the notation:
“$3561.53
for suits of Joann Killian.”
The check was so made and signed, notwithstanding the fact that upon the date thereof Joe H. Crosby, individually, had not •only been duly appointed as Liquidator of the Modern Iron Works, Inc., but had actually become, some six months prior to the giving of the check, the individual purchaser of all the assets of the corporation.
We find nothing in the evidence nor in the several hundred pages of testimony which gives the slightest indication that Crosby, at the time of making the payment •of the judgment, reserved, or intended to reserve any rights of contribution against Smith. Some effort was made on behalf •of Crosby to establish the fact that he knew nothing about the execution of the receipt and satisfaction by Mrs. Killian. But, it was conclusively proven that the document itself, which was recognized by Crosby in the allegations of his petition in this action •and which was attached thereto, was taken from Crosby’s safe prior to the initiation of this suit for revival of the judgment. The •only conclusion is that Crosby, or his office manager, or his daughter, who at the time, was an office employee, received the instrument and placed it in the safe. In any event, it is certain that Crosby would be chargeable with knowledge thereof, and, as we have above commented, there is no indication that, up to the time of the payment and receipt in satisfaction of the judgment, Crosby had made any effort to assert or preserve any rights against Smith.
We think further substantiation of our conclusion is to be found in the circumstances which surrounded the transaction and the reasonable conclusions which would appear to be implicit therefrom. Smith was a long-time, dependable employee of Modern Iron Works at the time of the institution of suit by Mrs. Killian, and he continued as Crosby’s employee for a period of some six years following the satisfaction of the Killian judgment, during which time Crosby made no effort to collect any contribution from Smith to be applied against the liability which he now asserts he intended to enforce.. According to Crosby’s own testimony, it is clear that he was looking primarily to Holley for reimbursement of his portion of the judgment debt, and, again according to Crosby’s testimony, he enjoined Smith to keep careful observation of Holley’s economic status so that Crosby might take action as and when Hollé)' might be able to respond by payment.
We think it is unnecessary to dwell further upon these details which primarily concern the other defenses advanced by respondent Smith and have only a minor bearing and effect upon the interpretation and effect of the receipt hereinabove set forth.
It is clear that the document in question was given and received in complete satisfaction, discharge and acquittance of the Modern Iron Works, to whose rights Crosby succeeded individually, and V. E. Smith. It follows that since the judgment as against Smith was completely satisfied and discharged by this instrument, without any reservation of rights on the part of Crosby, that there can be no revival thereof.
Notwithstanding the fact that the district judge accepted the defenses pleaded and relied upon by Smith as being applicable to Willie First, we cannot find justification for such a conclusion. The effect of the instrument which evidences satis- ' faction of the judgment extends only to Modern Iron Works and V. E. Smith. Neither Willie First nor E. A. Holley were named in the instrument of receipt, satisfaction and discharge, and, accordingly, we do not feel that either of them could appropriately urge such a defense. Holley, *383 having béen discharged by settlement and compromise, is no longer concerned, but, in our opinion the issue of the liability of Willie First has not been raised by any pleadings on his behalf nor does the evidence adduced establish any valid defense.
For the reasons assigned the judgment appealed from is affirmed insofar as it rejected plaintiff’s demands against V. E. Smith, but the judgment rejecting plaintiff’s demands against Willie First is set aside, annulled and reversed and there is now judgment in favor of petitioner, Joe H. Crosby, ordering the judgment rendered by this court on July 19, 1943, revived to the extent, and only to the extent, of preserving the rights thereunder as against Willie First, to be maintained in full force and effect as against the said Willie First for the period provided by law.
All costs are taxed against appellant.